## CHARLES PARKHURST & wife *vs.* ELEAZER KETCHUM.

It is no defence to an action for slander, by words imputing unchastity to a woman, to show that the defendant spoke the words to her, and was led to do so by her general conduct, and especially by her deportment with a particular man, believing the same to be true.

In such action, evidence that the plaintiff's general reputation is bad, independently of the slander of which she complains, and that it was bad ten years before, and at another place, is admissible in mitigation of damages, although no such ground of defence is set up in the answer; but evidence of particular instances of her misconduct is not admissible.

TORT for slander by words charging Julia A. Parkhurst, the female plaintiff, with adultery. The answer, amongst other defences, denied the speaking of the words alleged, and averred that if the defendant did make the accusation set forth, he made the same to said Julia, and was led to do so by her general conduct and conversation, and especially by her deportment and conversation with one Whitney and teamsters, believing the same to be true. The plaintiffs demurred to the last portion of the answer, but the demurrer was overruled in the superior court.

At the trial, before *Brigham*, J., the defendant was allowed to testify, under objection, to conduct, conversation and deportment of said Julia with sundry persons, tending to sustain the averments in the last portion of the answer; and he was also allowed to introduce evidence to show, in mitigation of damages,

that her general reputation for moral worth and chastity, at the time of the speaking of the words, was bad. The evidence of general reputation was objected to on the ground that no such defence was set up in the answer. The defendant was also allowed to show that her general reputation in those respects was bad in other places than that of her present residence, ten years before the speaking of the words.

The jury returned a verdict for the plaintiffs, with five cents damages; and the plaintiffs alleged exceptions.

*J. T. Robinson,* for the plaintiffs.

*H. L. Dawes,* for the defendant. The Gen. Sts. *c.* 129, § 24, do not contemplate a demurrer to a part of an answer. The demurrer was not well taken, and, under the practice act, the evidence was properly admitted. The case differs from those in which it has been attempted to justify under a common report. In this case, the woman took pains to advertise herself to the defendant, and he uttered the words, which her acts naturally called for, to herself.

METCALF, J. The demurrer to the defendant's special answer must be sustained, because that answer sets forth no legal defence to the action. And evidence of the matter therein set forth was not admissible, either as a justification or in mitigation of damages. The plaintiffs' exception to its admission must therefore be sustained. The authorities are conclusive of these points. *Alderman* v. *French,* 1 Pick. 1. *Bodwell* v. *Swan,* 3 Pick. 376. *Brickett* v. *Davis,* 21 Pick. 407, 408. *Watson* v. *Moore,* 2 Cush. 140.

In an action of slander, evidence that the plaintiff's general reputation is bad, "independent of the slander of which he complains," is admissible in mitigation of damages. But evidence of particular instances of his misconduct is not admissible. *Wolcott* v. *Hall,* 6 Mass. 518. *Stone* v. *Varney,* 7 Met. 86. *Chapman* v. *Ordway,* 5 Allen, 595. 1 Hilliard on Torts, (2d ed.) 465. A party to a suit should always be prepared to defend his general character or reputation, but not to answer to charges of particular acts, unless they are the subject of the action. It is not necessary to the admission of evidence of a plaintiff's

general bad reputation, that the answer of the defendant should give notice that he shall offer it.

Evidence of the female plaintiff's bad general reputation, ten years before the speaking of the words for which the action was brought, was competent, and the exception to its admission must be overruled; it being a very general presumption that things which are proved to have once existed in a particular state, are to be understood as continuing in that state until the contrary is established by evidence either direct or presumptive. Best on Presumptions, *c.* 6. The weight and effect of that evidence were for the consideration of the jury. Its effect would undoubtedly have been much lessened, if not entirely prevented, by proof that when the words were spoken the woman's general reputation was good, though it was bad ten years before.

As the verdict was for nominal damages, and may have been affected not only by evidence of the woman's bad general reputation, but also by evidence of particular acts of hers, which ought to have been excluded, the plaintiffs are entitled to a

*New trial.*